## 48072. ROCKHOLT v. THE STATE.

BELL, Chief Judge. 1. Defendant was convicted of the unlawful possession of stimulant drugs containing amphetamine. His motion to suppress the evidence because of an unlawful search and seizure was denied. Police officers, while executing a valid search warrant for dangerous drugs on the premises of a truck rental firm in Gainesville, observed an automobile operated by defendant drive into these premises and then commence to back out rapidly when stopped by the officers. The defendant was known by several of the officers present as a drug pusher as they had made previous drug purchases from him. Defendant had previously admitted to one of the officers present that he had made trips to Texas to obtain drugs for a "Gainesville supplier." One of the officers testified that subsequent investigation revealed that the supplier was the party whose premises was then in the process of being searched. A passenger was also in the car with defendant, sitting next to defendant. As the officers approached the car, they observed the other person reach for a pistol which was lying between the defendant and the passenger. The passenger was disarmed. Defendant was arrested and searched and a bag of pills was found on him. The trunk of defendant's car was opened and approximately 12,000 am-

phetamine pills were found. Under these facts, there was no error in denying the motion to suppress. Code § 27-207 authorizes an officer to arrest without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant. The validity of an arrest without a warrant depends on whether at the moment of the arrest the officers had probable cause to make it, i.e., whether the facts and information within the officers' knowledge were sufficient to warrant a prudent man in believing that defendant was committing an offense. *Peters v. State,* 114 Ga. App. 595 (152 SE2d 647). Here there is ample evidence showing the required probable cause. The officers present had prior knowledge that defendant had sold drugs; the defendant had previously admitted to one of the officers present that he had made trips to Texas to obtain drugs for a "Gainesville supplier"; and the officers' investigation, subsequent to that admission, had developed the fact that the "Gainesville supplier" was the party whose premises at that moment were in the process of being searched. All of that knowledge, when coupled with defendant's attempt to hurriedly withdraw from the premises when he saw the officers, demonstrates that the arresting officers had ample probable cause to reasonably believe that defendant was then committing the crime of possession of dangerous drugs. The arrest of defendant without a warrant was lawful and the following search of his person and his car was likewise lawful. Code Ann. § 27-301; Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543, 39 ALR 790); Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419). In addition to all the above stated justification, Code Ann. § 27-309 authorized defendant's detention and search of his person to protect the officers from attack, as defendant's companion was seen reaching for an exposed 45 magnum pistol, and to prevent the disposal or concealment of dangerous drugs which were particularly described in the warrant. *Wood v. State,* 224 Ga. 121 (160 SE2d 368).

2. During the pre-sentence hearing the state offered no evidence in aggravation. The defendant then testified on direct examination concerning his personal background, his economic situation, the adverse effect the "warrants," "indictments," and imprisonment have had on his family and the effect imprisonment will have on his business and his family and that he never again will be in court for dealing with drugs. The district attorney on cross

examination asked defendant where he had obtained the drugs; the price he paid and the selling price; whether he had previously brought pills from Texas and Mexico to Gainesville; what the pills are used for; the retail price; why there was a gun in his car; and questions concerning conversations with a police officer. Objection was made to all these questions on the ground that the state had not given notice prior to trial that this evidence would be produced and that the questions exceeded the scope of the direct examination. The court overruled the objections. The defendant then, with the court's permission, declined to answer all the questions except one on the ground that the answers would tend to incriminate him. The defendant answered the question as to how much he paid for the pills. There was no error. As defendant did not answer any of the questions, except one, he could not have been harmed. But in any event, the questions were proper. The scope of cross examination is very broad and rests within the sound discretion of the trial judge. *Moore v. State,* 221 Ga. 636 (2) (146 SE2d 895). No abuse of discretion has been shown. The notice requirements of Code Ann. § 27-2534 have no application to the cross examination of defendant or his witnesses at the sentence hearing.

3. The motion for bail is denied.

*Judgment affirmed. Quillian, J., concurs. Deen, J., concurs specially.*

SUBMITTED APRIL 2, 1973 — DECIDED MAY 15, 1973.

*Mitchell, Mitchell, Coppedge & Boyett, Erwin Mitchell,* for appellant.

*Jeff C. Wayne, District Attorney, Robert W. Lawson, Jr.,* for appellee.

DEEN, Judge, concurring specially. The objection to the admission of the affidavit and search warrant at the hearing on the motion to suppress was overruled. The warrant was therefore in evidence, and it was broad enough to cover all vehicles on the premises. The officers had probable cause to believe the defendant, whose arrest warrant was in process of preparation at the time and who was the one who had actually and inadvertently led the police officers to search the premises on which he was found, had come on the premises of his supplier for a purpose connected with the drug raid. He and his vehicle were properly searched. *Willis v. State,* 122 Ga. App. 455 (177 SE2d 487).

I disagree with the majority opinion insofar as it appears to

justify any arrest prior to the search, or any search in the absence of the warrant. Three officers testified that Rockholt did nothing that night to justify an arrest prior to the search and the attendant discovery of pills on his person and in the car. The defendant was not attempting to escape; he stopped the car and got out when hailed. He had no pistol. A passenger had a pistol, unconcealed, but whether or not he had a license to carry it was never inquired into. No crime was being committed in the presence of the officers; the defendant was not attempting to escape, and his search without a warrant would have been illegal under Code § 27-301, which deals only with search at the time of arrest.