## 51717. WARD et al. v. THE STATE.

DEEN, Presiding Judge.

The appellant concedes, under *Howe v. State,* 132 Ga. App. 840 (209 SE2d 258) that the patrol officers had a right to turn their car around, follow, and stop a vehicle which appeared to be erratically driven to ascertain whether the driver was intoxicated. It was also conceded that, the windows rolled down and a strong odor of marijuana emanating from the vehicle, they had a further right to detain the driver and to offer him an intoximeter test. The motion to suppress evidence is directed at seizure of a bag of marijuana and other items in the car. ("The passenger on the right front got out of the car, they had a cover over the seat, it was a bad seat, you know, like a quilt or something of that nature, and when he got up he scooted out, it pulled it loose, and well a small plastic bag of green leafy material came out from under the seat into the floorboard, and naturally I recognized it to be possibly marijuana".) The defendants were arrested for possession of marijuana. They were taken in and booked, at which time a sock of pennies and stereo tapes were removed from the car. These proved to have been stolen, and constitute the stolen goods on which the burglary conviction is based.

The stereo tapes on the back floorboard and the sock filled with pennies lying on the front seat were in plain view, and were removed from the car after the suspects were taken into the jail, but without first obtaining a search warrant. Appellants contend this was error, under authority of cases such as Coolidge v. New Hampshire, 403 U. S. 443, where it was held that even if a warrantless search of a vehicle was justified at the time of the arrest of defendants within a house, it could not be justified at a later date at the station house without a warrant, since no exigent circumstances were present. They also argue the inapplicability of the plain view doctrine supporting warrantless searches such as that in *Anderson v. State,* 123 Ga. App. 57 (179 SE2d 286) where, following a vehicle stop under suspicious circumstances, money and restaurant wrappers seen openly in the vehicle strongly suggested that fruits of a burglary were present.

Accepting as true the evidence of the two arresting

officers, they proceeded in a three-stage investigation. In the first stage, noticing a car approaching them and "weaving," they turned around, followed and stopped it to investigate the possibility that the operator was driving under the influence of drugs or liquor. This was a proper procedure. When the four occupants of the car opened the door, there was a strong smell of marijuana and when they alighted there was a glassine bag of marijuana in plain view. Arresting the occupants and taking them to the station to be booked on charges of possession and driving under the influence of the drug were proper under these circumstances. See, generally, 10 ALR 3rd Anno. "Search of Vehicle — Traffic Violation," pp. 314, 332 § 6[b]; *Cunningham v. State,* 133 Ga. App. 305, 309 (211 SE2d 150).

The third stage addresses itself to the seizure of stereo tapes and the sock containing pennies. The officers readily stated that at the time they stopped the defendants they did not suspect them of burglary; nevertheless, these same officers had, earlier the same evening, investigated burglary from a trailer of guns, stereo tapes, and coins including a large collection of pennies. They picked up the stereo tapes and sock, both of which were in clearly visible view, and asked the defendants what was in the sock. One of them replied it contained pennies which he had received from his grandmother. The officers then visited the grandmother and ascertained that none of her coins were missing; they then took them to the owner of the trailer who identified them as his, whereupon the defendants were charged additionally with the burglary.

The "plain view" doctrine means exactly that. A substance within an opaque container is not in plain view, as, for example, the contents of a paper bag. See United States v. Shye, 473 F2d 1061. Occasionally the rule is slightly bent as in United States v. Wheeler, 459 F2d 1228. There a motorist was arrested for a traffic violation and the car impounded. A brown envelope was in plain view, which, being opened, was found to contain heroin. "There was probable cause for this seizure in view of the circumstances present here including the size and color of the envelope, its apparent bulk, and location in the

ashtray of the car, and as noted above, the officer's experience in having found narcotics in this type envelope on prior occasions." This decision, however, goes farther than the Georgia rule, which is that the plain view doctrine is applicable only where it is apparent by what the officers can see without further investigation that what they have in front of them is evidence. *Cook v. State,* 134 Ga. App. 712 (4) (215 SE2d 728).

Here the car was in police custody, the occupants had been removed, and the stereo tapes were in plain view and must have been known to resemble the tapes missing as a result of the burglary they had just investigated. We are not informed when they first thought of them as "evidence" but do not hinge the decision on subjective reaction time. The coins were inside an opaque container. The officers correctly did not open the container; they inquired as to the contents and were informed that it was pennies. So far as the evidence shows they still did not open the sack but took it to the grandmother reputed to be the owner. The qualified seizure, if it may be called such, was reasonable under the circumstances; the full blown search on finding the story of acquisition untrue, and with knowledge of a theft of pennies that same night, rendered the subsequent conduct reasonable within Fourth Amendment standards.

The motion to suppress these articles was properly denied. The conviction is affirmed.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

SUBMITTED JANUARY 15, 1976 — DECIDED
JANUARY 30, 1976.

*Cook & Palmour, Bobby Lee Cook, Jr.,* for appellants.
*Earl B. Self, District Attorney, Jon B. Wood, Assistant District Attorney,* for appellee.