## 56957. CAUSEY v. THE STATE.

WEBB, Judge.

Steve Jack Causey appeals from the overruling of his plea in abatement, his motion to suppress evidence and the revocation of his probation. We affirm.

1. Causey's arguments in his plea of abatement[1] as to denial of due process have been answered adversely in previous opinions of this court. *Dickerson v. State,* 136 Ga. App. 885 (222 SE2d 649) (1975) (Judge Webb dissenting); *Ware v. State,* 137 Ga. App. 673, 674 (1) (224 SE2d 873) (1976). He does not contend that the requirements of Code Ann. § 27-2713 were not met, and has failed to show how he has been harmed or prejudiced in any way. This enumeration is without merit.

2. Nor has Causey shown how the affidavit contained in the search warrant is insufficient, alleging only that it "does not meet the requirements of Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964)." From our review of the record we conclude that " 'The affiant here showed ample facts to authorize the issuing magistrate to conclude that there was probable cause to believe that a crime of the nature set forth in the affidavits had been committed and that evidence of the crime would be produced by a search of the premises described in the affidavits. The fact that much of the affiant's information was derived from informants would not vitiate the warrant.' [Cits.]" *Baxter v. State,* 134 Ga. App. 286, 289 (1) (214 SE2d 578) (1975). The motion to suppress evidence taken during the subsequent search was properly denied.

3. Remaining enumerations urging that the trial court erred in revoking Causey's probation based upon the evidence presented at the revocation hearing are likewise not sustainable. The evidence showed that a reliable informant told police that Causey told him he and his wife had gotten in a quantity of marijuana, "to come on

---

[1]Based upon his construction of Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) (1972) and Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 665) (1973).

and he could supply him. . ." Thereafter police executed a search warrant on the home of Causey's grandmother, where he and his wife lived, looking for drugs in Causey's possession. They found a bag of marijuana lying on the front seat of an abandoned car formerly belonging to Causey's uncle, beside which Causey's automobile was parked. When they searched the trunk of the abandoned car a quantity of marijuana was found. This was sufficient to satisfy the "slight evidence" standard of a revocation proceeding. *Johnson v. State,* 142 Ga. App. 124 (235 SE2d 550) (1977); affd. 240 Ga. 526 (242 SE2d 53) (1978). We find no error for any reason assigned.

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

ARGUED JANUARY 3, 1979 — DECIDED JANUARY 11, 1979 — REHEARING DENIED JANUARY 25, 1979 —

*Horace T. Clary,* for appellant.

*F. L. Salmon, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney,* for appellee.