### 57385. BUDAY v. THE STATE.

SHULMAN, Judge.

Appellant-Buday was a passenger in the back seat of an automobile owned and driven by co-defendant Young. Police officers stopped the automobile after personally observing Young's erratic driving. Young was then arrested for driving under the influence of intoxicating liquor and improper lane usage. At the time of Young's arrest, the police officers observed in plain view on the front floorboard of the automobile a torn sack containing money, a hammer, and some white powder. Young denied ownership of the paper bag and its contents. The officers then arrested appellant and conducted a search of his person incident to his arrest. The search of appellant's person revealed a bag of white powder believed by the officers to be contraband. The officers then searched the automobile, removing appellant's luggage from the trunk. In searching the luggage, the officers seized what

they believed to be additional contraband. The contraband found both on appellant's person and in his luggage formed the basis of this prosecution.

Appellant does not contest the validity of the stop of the automobile or the seizure of the evidence found in plain view. However, appellant contends that the officers did not have probable cause to arrest him and that, therefore, the subsequent search of his person and his luggage in the automobile was unlawful. Appellant moved to suppress the evidence seized, which motion was denied by the trial court. On appeal, we affirm the trial court's ruling on the admissibility of contraband found on defendant's person; we reverse the court's ruling on the admissibility of contraband seized from defendant's luggage.

1. We disagree with appellant's contention that his arrest was not based on probable cause. We hold in accordance with *Ward v. State,* 137 Ga. App. 462 (224 SE2d 96); and *Dickson v. State,* 124 Ga. App. 406 (184 SE2d 37), that probable cause existed to arrest appellant as a passenger in a car where suspected contraband was seized in plain view.

2. As the officer had probable cause to arrest appellant, the search of his person was proper. "[O]nce a defendant has been placed under custodial arrest, police may search his person, incident to that arrest, for weapons or contraband." *Graves v. State,* 138 Ga. App. 327, 329 (226 SE2d 131). See United States v. Robinson, 414 U. S. 218 (94 SC 467, 38 LE2d 427), holding that at the time of a lawful custodial arrest, an officer may, without a warrant, make a full search of the accused for the discovery and preservation of criminal evidence.

3. However, as the arresting officers were not authorized to search appellant's luggage (found in the trunk of the automobile), the seizure of contraband found therein was unlawful. The trial court's denial of defendant's motion to suppress such evidence was therefore error.

"The defendant placed a personal possession in a locked trunk of a car, evincing an expectation of privacy. His arrest did not lessen that expectation. A search of the [luggage contained in the] locked trunk without

obtaining a warrant, even though the defendant's arrest had been effected, requires reversal in the absence of a recognized exception to the warrant requirement." *Hardwick v. State,* 149 Ga. App. 291 (5) (254 SE2d 384). As the evidence shows that exigent circumstances had dissipated and as no exception to the warrant requirement appears, the warrantless search of appellant's luggage was constitutionally impermissible. See Arkansas v. Sanders, 47 USLW 4783 (June 19, 1979), wherein the U. S. Supreme Court held that in the absence of exigent circumstances or some exception to the warrant requirement other than that applicable to automobiles, a warrant must be obtained before searching personal luggage seized from a lawfully stopped automobile. See generally *Hardwick,* supra, involving a situation where the automobile exception was held unavailable.

As probable cause existed for appellant's arrest, the evidence seized from his person was not subject to a motion to suppress. However, as the evidence seized from defendant's luggage was inadmissible, appellant's motion to suppress as to this evidence was improperly denied. It follows that the case must be remanded for a new sentence which is based only on that evidence which is legally admissible. See generally *Taylor v. State,* 144 Ga. App. 534 (2) (241 SE2d 590).

*Judgment affirmed with direction that the defendant be resentenced. Deen, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

SUBMITTED MARCH 7, 1979 — DECIDED JULY 12, 1979.

*Rodger E. Davison,* for appellant.
*J. Cleve Miller, District Attorney,* for appellee.