## 64078. PUCKETT v. THE STATE.

BIRDSONG, Judge.

Hal Wade Puckett pleaded guilty to the offense of motor vehicle theft in November, 1980, and was sentenced to three years probation under the First Offender Act, Ga. L. 1968, pp. 324-325 (Code Ann. §§ 27-2727 through 27-2732). In October, 1981, seventeen-year-old William Dean Little was killed on the railroad tracks in Rome, Georgia, by being beaten several times in the head with a blunt object. A bloody, broken railroad tie was found nearby. The next day witnesses reported that Puckett had come to their house frightened and distressed apparently after Little was killed, and had announced that a guy had pulled a gun on him on the railroad tracks and they got in a scuffle, and that he (Puckett) had hit him in the head with something and thought he had hurt him pretty bad. Puckett also attempted to sell the witnesses two guns; he changed shirts and then left. Puckett later told investigators that Little had been pressing him for a $25 debt, and that when Little had pulled a gun on him, he dropped his wallet and while pretending to reach down for it, he picked up the partial railroad tie and hit Little in the head. Puckett stated that he then took Little's gun and another gun Little had in his pocket and ran. (One of the guns Puckett attempted to sell to the witnesses, apparently immediately after Little was killed, was in a holster.)

Puckett was charged with murder. A probation revocation petition alleged that Puckett had violated the terms of his probation in that he did "unlawfully and with malice aforethought cause the death of William Dean Little . . . by striking said victim on the head several times with a railroad crosstie." The probation revocation hearing was, over objection, combined with the preliminary hearing on the murder charge. The trial court, after hearing the evidence, revoked Puckett's probation and sentenced him to serve seven years in the penitentiary. He appeals. *Held:*

1. Appellant contends the trial court committed reversible error, and deprived him of due process, by forcing him to proceed concurrently on the revocation hearing and on the commitment hearing for the substantive case of murder. We find no reversible error. We do not approve the trial court's premise that the efficiency achieved in holding both such hearings concurrently outweighs the possibility of infection of either proceeding, or justifies the needless risk of providing the criminal defendant with more grounds for complaint; generally the hearings ought to be held separately. But in this case the appellant has not shown any grounds for error or reversal. Essentially, he merely contends that his need to keep all the

state's evidence out at a revocation hearing thwarts his desire to discover all the state's evidence at a preliminary hearing. We note only that the criminal defendant has no constitutional right to either of those objectives. See *State v. Middlebrooks,* 236 Ga. 52, 54 (222 SE2d 343); *Phillips v. Stynchcombe,* 231 Ga. 430 (202 SE2d 26). The combination of his preliminary (commitment) hearing with his probation revocation hearing did not deprive appellant of any due process guarantees for a revocation hearing, including right to notice of the charge, confrontation and presentation of witnesses, and adequate counsel. See *Porter v. State,* 142 Ga. App. 481, 482 (236 SE2d 172). If upon the evidence the trial judge finds the "slight evidence" necessary to revoke probation, the purpose of the revocation hearing is satisfied; and if he finds the evidence at the same time to constitute sufficient probable cause to believe the accused guilty of the crime charged so as to bind him over to the grand jury, we see not conflict but consistency. Appellant has shown no actual harm or prejudice in this procedure in his case which would justify a reversal of the probation revocation. See *Robinson v. State,* 229 Ga. 14 (189 SE2d 53); *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741).

2. The trial court did not err in admitting in evidence the death certificate of William Dean Little, over specific objection that the state had stipulated no tangible evidence would be tendered by the state. The death certificate is no more than the documentary proof of a death and is not the sort of tangible proof appellant sought to prevent. Without proof of death, no criminal proceeding or finding against the defendant for the death is permissible; legal inadmissibility is what appellant hoped to achieve but there is no mandated right of inadmissibility. Moreover, the death certificate is not proof connecting appellant to the death, so in any case there is no harm to the defendant in admitting the death certificate.

3. The trial judge did not err in failing to make a finding of fact that there was "malice aforethought" (see *State v. Brinson,* 248 Ga. 380 (1) (283 SE2d 463)). He is not required to make such a clear finding of guilt since only slight evidence that the crime was committed is sufficient to revoke appellant's probation. Such evidence, and more, exists in this case.

4. Appellant contends that according to our recent decision in *Johnson v. State,* 161 Ga. App. 506 (288 SE2d 366), the trial court erred in sentencing appellant to a greater sentence (seven years) on revocation of probation than the original sentence (three years). This is not so. Unlike the first offender sentence of probation in the *Johnson* case, the sentence of probation in this case clearly provided "If such probation is revoked or cancelled, the Court may adjudge the

defendant guilty of the above offense and impose any sentence permitted by law for the ... offense." *State v. Wiley,* 233 Ga. 316, 318 (210 SE2d 790); see also *Stephens v. State,* 245 Ga. 835, 836 (268 SE2d 330).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JULY 16, 1982.

*Charles G. Price,* for appellant.

*F. Larry Salmon, District Attorney, Bill Boling, Jr., Assistant District Attorney,* for appellee.