65466. REAVES v. THE STATE.

DEEN, Presiding Judge.
Probation revocation.

1. Only slight evidence is required to revoke probation, *Green v. State,* 158 Ga. App. 864 (2) (282 SE2d 417) (1981), and there is ample

evidence in the record to show that Reaves attempted to commit burglary. He was arrested while walking in an alley leading from the Piggly-Wiggly Store with a T-shaped green pipe in his hands by a police officer responding to a burglar alarm which was activated when someone attempted to pry open a door. The door handle of the store had fresh green paint scratches on it which matched those on the pipe.

There is no evidence that the court improperly considered hearsay evidence that the appellant was in arrears in the repayment of restitution to Baldwin County for attorney fees, as the court's order finds that this second basis for revocation of probation is based upon his own admission of failure to pay.

2. The trial court did not err in admitting appellant's statement which was orally given to a police officer shortly after his arrest, reduced to writing by the appellant, and signed by him. The officer testified that he wrote down exactly what appellant told him, read each portion back to make sure it was correct and then read the entire statement to him before it was signed. On rebuttal, the officer denied that he had altered the statement as contended by appellant or that he had omitted the words "by mistake" when appellant told him that he had hit the door with the pipe. The evidence was sufficient for the court to determine that the statement was freely and voluntarily given. The credibility of a witness is for determination by the trier of fact. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980).

3. There is nothing in the record or transcript to indicate that appellant raised the issue of the validity of the restitution portion of his sentence in the court below although he had ample opportunity to raise it. Issues not raised in the court below will not be considered by this court on appeal. *M. W. Buttrill, Inc. v. Air Conditioning Contractors,* 158 Ga. App. 122 (279 SE2d 296) (1981).

Assuming arguendo this issue was properly raised, we find that this special condition of probation would be in compliance with the Georgia Indigent Defense Act, OCGA § 17-12-40 (a) (4) (Code Ann. § 27-3312) (d)).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 26, 1983.

*George M. Stembridge, Jr.,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.