## 65447. CRAWFORD v. THE STATE.

BIRDSONG, Judge.
  This appeal arises from the revocation of a 1980 two-year first offender probation sentence, based only on a certified copy of a 1982 conviction in Toombs County for violation of the Georgia Controlled Substances Act. The Tattnall County trial court, in revoking appellant's earlier probation, sentenced appellant to ten years, concurrent on each count, six years in confinement and four to be served on probation. Appellant enumerates four errors below. *Held:*
  1. We find no merit in this appeal. Revocation was sought on grounds that appellant violated the probation terms that "he not violate the criminal laws of any governmental unit." It is settled that "only slight evidence" of the occurrence of probation violation will support a revocation, *Puckett v. State,* 163 Ga. App. 156 (293 SE2d 544). A certified copy of a criminal conviction constitutes sufficient evidence of a violation of the stated term of probation. *Hogan v. State,* 158 Ga. App. 495 (280 SE2d 891). If the criminal conviction is reversed on appeal, the revocation based solely on a certified copy of that conviction will be nullified (*Tift v. State,* 133 Ga. App. 466 (211 SE2d 411)); but this does not mean the state must wait until the final appeal judgment of a conviction to seek revocation based thereon. *Tift,* supra, stands for the proposition that where the state merely introduces the certified copy of the conviction and introduces nothing of the facts and evidence underlying that conviction, if the conviction is overturned the appellant has a remedy to vacate the probation revocation. The party suffering prejudice in that event will be the state. The better practice, for the state's sake, obviously would be go the extra step and introduce evidence of the criminal offense underlying the conviction as well as a certified copy of the conviction itself. If that is done, the fact that the conviction is reversed on appeal because of error or because the evidence does not support a finding of guilt beyond a reasonable doubt, will not vitiate a revocation of

probation properly based on slight evidence of the criminal offense. See *Johnson v. State,* 142 Ga. App. 124 (235 SE2d 550); and see especially *Pollock v. State,* 162 Ga. App. 757 (293 SE2d 38).

2. The trial court did not err in imposing a greater sentence on appellant than the original first offender sentence. The 1980 first offender sentence of probation in each of the four counts plainly stated " 'If such probation is revoked or cancelled, the Court may adjudge the defendant guilty of the above offense and impose any sentence permitted by law for the . . . offense.' " *Puckett,* supra, pp. 157-158. We have no doubt that this language authorizes the imposition of "*any* sentence permitted by law for the offense," and thus expressly gave notice to the defendant that he could receive a greater sentence. Moreover, the record shows that when appellant pled guilty and received first offender status, he was expressly so informed. The first offender sentence in this case expressly sentenced appellant to "two years' probation," and not to a period of *confinement* to be served on probation, as in *Johnson v. State,* 161 Ga. App. 506 (288 SE2d 366). See especially Judge Pope's special concurrence in *Johnson.*

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 12, 1983.

*David B. Pittman, Malcolm F. Bryant, Jr.,* for appellant.
*Dupont K. Cheney, District Attorney, Claude M. Kicklighter, Jr., Assistant District Attorney,* for appellee.