## 67426. POWELL v. THE STATE.

POPE, Judge.

Charlie Lee Powell pled guilty to possession of methamphetamine, a violation of the Georgia Controlled Substances Act. This plea was entered after the trial court had denied his motion to suppress and with the understanding (agreed to by the trial court and the prosecution) that he did not waive his right to appeal from the adverse ruling on his motion to suppress. Appellant now brings this appeal enumerating as error (1) the denial of his motion to suppress the methamphetamine seized from his person and (2) allowing the affiant on a search warrant to testify as to the oral testimony he had given to the issuing magistrate.

1. The evidence of record, although in some conflict, showed substantially the following: On March 15, 1983 agents of the Macon-Bibb County Narcotics, Vice and Intelligence Unit obtained a search warrant for the premises of 761 Trinity Place in Bibb County. These premises were not the residence of appellant. The agents had been advised by a confidential informant within the past twenty-four hours that illegal drugs were located at the premises and that illegal drugs were to be delivered to the premises by appellant or someone acting in his behalf some time after 6:00 p.m. The informant who supplied this information was known to the agents personally and had given

information ten or more times during the past six months which had resulted in five or more arrests and convictions; all such information had been verified as correct by independent police investigation. The source of the informant's information as it related to appellant was not shown. However, the agents had a resident of the subject premises telephone appellant earlier in the day and place an order for illegal drugs to be delivered to the resident at 761 Trinity Place. Appellant was known to the agents as a reputed dealer in illegal drugs.

At approximately 8:00 p.m., while the agents were completing the search of the subject premises, appellant arrived and entered. He was arrested upon entry and patted down by one of the agents who found "nothing of significance." A follow-up search was conducted by the other agent (as a matter of policy) a few minutes later. This second search involved a pat-down of appellant's pockets, pant legs and waistband. This second search disclosed a large bulge in appellant's pocket which turned out to be $4201 in cash. In appellant's right sock, on the inside of his leg, the agent discovered two packets of a white powder later shown to be methamphetamine. When he first felt the packets, the agent could only determine that it was a lump, roughly one-half to three-quarters of an inch in diameter and three inches long. He thought the lump was possibly illegal drugs or a pocketknife.

Appellant argues that the search of his person exceeded the scope of the search warrant. However, the record here discloses that appellant's arrest and the subsequent search of his person were not made pursuant to the warrant, which authorized only a search of the subject premises. Rather, the arrest and search of appellant were made without a warrant. One of the exceptions to the requirement of a search warrant is a search made incident to a lawful arrest. See OCGA § 17-5-1. "The validity of an arrest without a warrant depends on whether at the moment of the arrest the officers had probable cause to make it, i.e., whether the facts and information within the officers' knowledge were sufficient to warrant a prudent man in believing that [appellant] was committing an offense. [Cit.]" *Rockholt v. State*, 129 Ga. App. 99, 100 (198 SE2d 885) (1973). Under the facts and circumstances in this case, the agents had probable cause to believe that appellant was committing a violation of the Georgia Controlled Substances Act at the time of his arrest. See *Pittman v. State*, 162 Ga. App. 51 (1) (289 SE2d 531) (1982), and cits.; *Rockholt v. State*, supra at (1); see also OCGA § 17-4-20 (a). "The arrest was therefore lawful, and the subsequent search and seizure, having been made incident to that lawful arrest, were likewise valid." Draper v. United States, 358 U. S. 307, 314 (79 SC 329, 3 LE2d 327) (1959). It follows that appellant's motion to suppress was properly denied.

2. There is no merit to appellant's other enumeration of error, that the trial court erred in permitting the affiant drug agent to tes-

tify at the motion to suppress hearing as to what he had orally related to the magistrate who had issued the search warrant. See, e.g., *Shrader v. State*, 159 Ga. App. 522 (1) (284 SE2d 37) (1981). "We pause to note, however, that the better practice in presenting such testimony on a motion to suppress would be via an official record or transcript of the hearing before the magistrate, rather than relying solely on the recollection of the affiant. In the absence of official recordation, we encourage magistrates to make some *written* notation or memorandum as to any *oral* testimony presented to them in support of the issuance of a warrant." *Pines v. State*, 166 Ga. App. 724, 726 (305 SE2d 459) (1983). Moreover, since appellant's arrest and the subsequent search of his person were not premised upon the warrant issued for the subject premises, any error in this regard was harmless. See generally *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 21, 1984 —
REHEARING DENIED MARCH 9, 1984 —

*Craig M. Childs, Frank H. Childs, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney, Vernon R. Beinke, G. F. Peterman III, Assistant District Attorneys*, for appellee.