68185. CHAPPELL v. THE STATE.

DEEN, Presiding Judge.

Tommy Chappell appeals from the revocation of his probation.

1. Contrary to appellant's assertion the trial court expressly stated it was not revoking appellant's probation for failure to pay his fine.

2. The trial court correctly found that there was evidence to support the probation revocation because appellant resisted arrest and obstructed an officer. The officers were summoned to the place where appellant was arrested after receiving reports that he was shooting a gun and fighting. Earlier in the day one of the officers had responded to a call that appellant was shooting and fighting with his brother. When the officer investigated that incident appellant admitted fighting with his brother. Two additional reports were received by the sheriff's department that appellant was fighting and they responded to the last report when they heard he was also shooting. When the officers arrived at the house where appellant was located they found him sitting under a table in the kitchen. While he was not violent at the time the officers arrived he violently resisted arrest. He contends that the arrest without a warrant was unlawful and he had every right to resist arrest.

The right to arrest without a warrant is broader in a felony case than in a misdemeanor. *Chaney v. State*, 133 Ga. App. 913, 916 (213 SE2d 68) (1975). The arresting officer must, however, have a reasonable suspicion that the accused has committed a felony and this suspicion depends upon the facts of the case and may be based upon hearsay evidence. *Chaney v. State*, supra; *Bradford v. State*, 149 Ga. App. 839, 841 (256 SE2d 84) (1979). The probable cause which forms the basis for the arrest need not rise to the same level of proof required to prove guilt at trial. Moreover, hearsay may serve as the foundation for

probable cause. *Moore v. State*, 128 Ga. App. 20, 21 (195 SE2d 275) (1974). The court must determine if the facts upon which the officer acted would warrant a person of reasonable caution to believe an offense had been committed. *Chaney v. State*, supra. In the instant case, the numerous reports that appellant had been fighting and shooting a gun, combined with the defendant's own admission of fighting with his brother, would be sufficient for the officers to believe that appellant had committed an assault or an aggravated assault.

3. As appellant did not challenge the testimony of the Chief Probation Officer of the Dublin Judicial Circuit that he was placed on probation for burglary in Twiggs County on January 19, 1983, and that he later committed the offense of forgery and was placed on probation in Bibb County, there is nothing for this court to review on appeal. *Reaves v. State*, 165 Ga. App. 210 (300 SE2d 551) (1983).

Where the trial judge finds slight evidence that the conditions of probation have been violated, he may use his discretion and revoke the probation and his decision will be upheld by the appellate courts absent manifest abuse. *Corbitt v. State*, 166 Ga. App. 311, 312 (304 SE2d 123) (1983); *Reaves v. State*, supra. We affirm the findings of the trial court.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

Decided March 16, 1984.

*Ralph M. Walke*, for appellant.
*Beverly B. Hayes, District Attorney, William T. McBroom, Assistant District Attorney*, for appellee.