70504, 70746. ANDERSON v. THE STATE (two cases).
(338 SE2d 716)

POPE, Judge.

On November 19, 1982 appellant Ronnie Dean Anderson entered a plea of guilty to four counts of violating the Georgia Controlled Substances Act. Without an adjudication of guilt, he was "sentenced" under the provisions of the First Offender Act (OCGA § 42-8-60 (a) (1)) to serve five years on probation. On October 8, 1984 appellant was a passenger in a vehicle driven by Mr. Reeves and later determined to belong to a construction company. A third person was asleep in the back seat. The vehicle was stopped within Dawson County by Deputy Sheriff Jones because it did not have a taillight. Upon being informed of the reason for the stop, Reeves exited the vehicle, checked to see the taillights were not working and borrowed the deputy's flashlight to check the fuse box which was apparently located under the driver's side of the dashboard area. While Reeves was looking at the fuse box, the door on the driver's side was open. In a pouch-style pocket on that door, Deputy Jones saw a plastic bag containing a substance Jones believed to be marijuana. Deputy Jones seized the plastic bag and arrested all three persons. Appellant was subsequently searched and a small vial containing methaqualone and a small amount of marijuana were found.

On October 10, 1984 a petition for adjudication of appellant's guilt and imposition of sentence was filed. Appellant filed a motion to suppress the methaqualone and marijuana found in the search of appellant's person. After hearing evidence, the trial court denied appellant's motion to suppress and entered an order adjudicating appellant guilty of the offenses for which he was on probation under the First Offender Act. Appellant was sentenced to serve three years and three

days.

Appellant brings a direct appeal from the adjudication of guilt and imposition of sentence in Case No. 70504. In Case No. 70746, appellant applied for and was granted a discretionary appeal pursuant to OCGA § 5-6-35 (a) (5). Both cases raise identical enumerations of error.

1. Under this court's recent opinion in *Dean v. State*, 177 Ga. App. 123 (1) (338 SE2d 711) (1985), the proper method of appeal from an order of adjudication of guilt and sentence which serves to revoke the probationary status granted under the First Offender Act (see OCGA § 42-8-60 (b)) is by discretionary appeal, as provided in OCGA § 5-6-35 (a) (5), rather than direct appeal. We must, therefore, dismiss Case No. 70504, appellant's direct appeal. Appellant's discretionary appeal, Case No. 70746, is properly before this court for resolution.

2. Appellant enumerates as error the trial court's denial of his motion to suppress the methaqualone and the marijuana found during the search of his person after his arrest. Initially, we note that appellant expressly does not contest the deputy's seizure of the plastic bag containing marijuana which was found in plain view in the door pocket of the vehicle. Instead, appellant contends that because Deputy Jones lacked probable cause to arrest him, he was unlawfully arrested and unlawfully searched. We disagree.

The plastic bag of marijuana observed by Deputy Jones in "plain view" was immediately recognized by him to be marijuana, the possession of which is unlawful. See *Parks v. State*, 150 Ga. App. 446 (1) (258 SE2d 66) (1979). In accordance with this court's opinion in *Buday v. State*, 150 Ga. App. 686, 687 (258 SE2d 318) (1979), we hold "that probable cause existed to arrest appellant as a passenger in a car where suspected contraband was seized in plain view." "The probable cause which forms the basis for the arrest need not rise to the same level of proof required to prove guilt at trial." *Chappell v. State*, 170 Ga. App. 363 (2) (317 SE2d 340) (1984). Compare *Autry v. State*, 150 Ga. App. 584 (2) (258 SE2d 268) (1979). "As the officer had probable cause to arrest appellant, the search of his person was proper. '(O)nce a defendant has been placed under custodial arrest, police may search his person, incident to that arrest, for weapons or contraband.' *Graves v. State*, 138 Ga. App. 327, 329 (226 SE2d 131) [(1976)]. See *United States v. Robinson*, 414 U. S. 218 (94 SC 467, 38 LE2d 427) [(1973)], holding that at the time of a lawful custodial arrest, an officer may, without a warrant, make a full search of the accused for the discovery and preservation of criminal evidence." *Buday v. State*, supra at Div. 2. Thus, because the arrest of appellant was lawful, the subsequent search and resultant seizure made incident to that arrest were also lawful. It follows that appellant's motion to sup-

press the contraband found on his person as a result of that search was properly denied. See *Powell v. State*, 170 Ga. App. 185 (1) (316 SE2d 779) (1984).

3. In his second enumeration of error appellant asserts that the trial court erred in determining that he had violated the terms of his probation and in subsequently adjudicating him guilty and imposing sentence pursuant to OCGA § 42-8-60 (b). Condition number one of appellant's first-offender probation stated: "Do not violate the criminal laws of any governmental unit." After his arrest and the search of his person, appellant was found to be in possession of contraband in violation of the Georgia Controlled Substances Act. "It is settled that 'only slight evidence' of the occurrence of probation violation will support a revocation." *Crawford v. State*, 166 Ga. App. 272 (1) (304 SE2d 443) (1983). As appellant acknowledges by brief, if this court affirms the trial court's denial of his motion to suppress then the trial court had sufficient evidence on which to base the revocation of his first-offender probation, the adjudication of guilt and imposition of sentence. Since we held in Div. 2, supra, that the evidence of appellant's possession of the contraband found on his person was properly before the trial court, the revocation of his first-offender probation is supported by ample evidence.

*Judgment affirmed in Case No. 70746. Appeal dismissed in Case No. 70504. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the net result in these two cases. I concur fully in Divisions 2 and 3 of the opinion. However, I would dismiss the application for discretionary appeal, Case No. 70746, and treat the merits of the direct appeal, Case No. 70504, rather than vice versa. See my dissent in *Dean v. State*, 177 Ga. App. 123, 127 (338 SE2d 711) (1985). I am bound by the full court decision.

DECIDED DECEMBER 3, 1985.

*Robert B. Thompson*, for appellant.
*Bruce L. Udolf, District Attorney, Charles H. Frier, Assistant District Attorney*, for appellee.