73227. MINOR v. THE STATE.
(350 SE2d 783)

BIRDSONG, Presiding Judge.

Jessie Minor was tried upon a charge of burglary and convicted of theft by taking. He appeals the trial court's denial of his motion to suppress, and contends the evidence was insufficient to sustain the verdict as the State failed to prove the value of items taken was $500. *Held*:

1. Appellant contends the search of the van he drove was illegal because his arrest and the subsequent search were without probable cause. We disagree. The evidence showed the arresting officer was on patrol when he stopped appellant's vehicle at 2:30 a.m. on July 6, 1985, when it made an illegal left turn at a red traffic signal. The officer had just observed the van come out of Pine Meadow Road onto Dean Forest Road in Savannah; Pine Meadow Road is a dead-end street of only about 1,200 feet and accommodates about three businesses, and no residences. The officer asked about a driver's license and appellant produced only papers identifying himself as Jessie Minor. (At the motion to suppress hearing, the officer testified appellant could not produce a license or a temporary permit but produced citation papers indicating his license had been removed.) When asked why he was coming off the commercial street Pine Meadows at this hour, the driver (appellant) told the officer he and his passenger, McCormick, had just finished cleaning up Smith Transport Company

warehouse. The officer looked through the doors of the van and saw no cleaning equipment such as brooms, mops, or buffers that would indicate the appellant had been cleaning the warehouse, but saw only a bunch of jumbled boxes. The officer asked what was in the boxes; appellant opened the door and began to describe a high-backed orange chair. The officer saw also a box on the floor, opened, with pocketknives in it; other boxes were stacked and he could not see inside them.

The officer, wanting to clear up in his mind why appellant and McCormick would be on this short commercial street at that hour with no cleaning equipment to verify their explanation, asked about the owner of the van. The passenger McCormick said the van belonged to Mr. C. Watson who owned the cleaning service they worked for; but the appellant said it belonged to his (appellant's) brother, and that his brother did construction work and delivered boxes after work; and these boxes were in the van when his brother lent it to him. At this point, having "too many unanswered questions" and conflicting stories about who owned the van, the officer advised the two of their *Miranda* rights. He placed an inquiry with Sgt. Young about the ownership of the van, and placed appellant and McCormick in his police car and drove them back to Smith Transport. There, the appellant opened the combination lock and McCormick opened the gate, thus convincing the officer they had worked there or at least knew how to get in. Then, he received word from Sgt. Young that an inquiry showed appellant's brother did own the van, but, contrary to what the appellant told the officer, the brother said there were no boxes in it when he lent it to appellant and he was "not familiar with" the contents of the van as the officer found it. It was at this time that the officer placed the two under arrest. He never did arrest them for the illegal turn at the red light. He had no word or knowledge that there had been a burglary but "[he] knew within [himself]" that some place had been burglarized. In fact, a report of burglary at Smith Transport was not received until about 6:00 a.m. on July 6, after the warehouse opened.

Appellant essentially contends the search was not made pursuant to a valid arrest, since the officer never arrested appellant for the illegal turn, and that the brief investigatory detention allowed by law (see *State v. Turntime*, 170 Ga. App. 740 (318 SE2d 157)) did not give probable cause to believe the truck contained contraband and thus the search was based on neither a valid arrest nor probable cause. This analysis is not to the point. The fact that the officer did not arrest appellant for the illegal turn does not invalidate this evidence. The illegal turn authorized the stop. *Adams v. Williams*, 407 U. S. 143, 145 (92 SC 1921, 32 LE2d 612); *Stiggers v. State*, 151 Ga. App. 546, 547 (1) (260 SE2d 413). There was no "search" or "seizure"

in this case until after the police officer, based upon observation of boxes in plain view which were inconsistent with appellant's explanations, had acquired strong probable cause to believe a burglary had been committed and arrested appellant for *burglary*. The arrest for burglary was valid and authorized. OCGA § 17-4-20 (a); *Arnsdorff v. State*, 152 Ga. App. 515, 517 (263 SE2d 176); *Harris v. State*, 128 Ga. App. 22 (195 SE2d 262). A search or seizure incident to a lawful arrest is a legal search. OCGA § 17-5-1 (a) (3); *Anderson v. State*, 177 Ga. App. 130, 131 (338 SE2d 716). This case thus rests on a firmer foundation than even the one the State stands by, *State v. Carter*, 240 Ga. 518 (242 SE2d 28), because here no search or seizure took place until the arrest was effected.

That the officer did not know for a fact that a particular place (Smith Transport) had been burglarized, does not invalidate the arrest. The facts and circumstances within the officer's knowledge prior to the arrest for burglary were sufficient in themselves to warrant a belief by a man of reasonable caution that a crime had been or was being committed (*Elders v. State*, 149 Ga. App. 139, 140 (253 SE2d 817); see *Carter*, supra), and moreover, that the "jumbled boxes" he saw in plain view in the van contained contraband. *Medlin v. State*, 168 Ga. App. 551 (309 SE2d 639); see *Campbell v. State*, 226 Ga. 883, 888 (178 SE2d 257); *Whittington v. State*, 165 Ga. App. 763, 764-765 (302 SE2d 617). The officer had a reasonable suspicion under the facts of this case that appellant had committed a felony. *Chappell v. State*, 170 Ga. App. 363 (317 SE2d 340). " 'Probable cause [exists] if at the time of the arrest the officers had knowledge and reasonably trustworthy information about facts and circumstances sufficient to warrant a prudent man in believing that [the appellant] had committed an offense.' " *Souder v. State*, 170 Ga. App. 413, 414 (317 SE2d 251). See also *Powell v. State*, 170 Ga. App. 185, 186 (316 SE2d 779). We reject any suggestion that the police cannot arrest a person who they have probable cause to believe has committed a serious crime, merely because the precise location and nature of the crime has not been yet discovered.

2. Appellant contends there was insufficient proof of value of the items taken to sustain the verdict of theft by taking, as a felony; and, further, that defense counsel should have been allowed an opportunity to argue to the jury that the amount in question was under $500. This enumeration is without merit. The appellant did not object upon any basis to the valuation of the property by the State's witness, but had ample opportunity to, and did, cross-examine that witness. The appellant failed to request a charge as to the establishment of value and made no attempt to argue to the jury that the value of items taken was not $500 or was not proved to be $500. Although counsel for appellant after the verdict stated that he had "tried to anticipate

this situation . . . with the questions that I asked the [State's] witness," the conclusion is inexorable that, insofar as any argument or request to charge was concerned, appellant made no factual issue as to whether the value of the property stolen exceeded $500, and it was therefore not required of the jury that it establish value. *Jones v. State*, 147 Ga. App. 779 (250 SE2d 500).

Nevertheless, *after the jury had returned the verdict*, the appellant did make an issue of the value of the property, the trial judge agreed to resubmit the issue to the jury, and in doing so he was more than fair. We cannot see how the appellant should have been allowed to argue the point when he earlier gave it up and let it go to verdict without issue, and when it was relevant only upon the question of sentencing anyway (*Ayers v. State*, 164 Ga. App. 195 (296 SE2d 772)). Nor, frankly, do we see what could have been gained by arguing that the State did not prove value over $500, when the State's witness testified he estimated it at $6,500 and the property taken was such that this estimate coupled with the jury's awareness of the value of "everyday objects," overwhelmingly supported the conclusion that they were of value exceeding $500. *Moore v. State*, 171 Ga. App. 911, 912 (321 SE2d 413). See also *Dunbar v. State*, 146 Ga. App. 136 (245 SE2d 486); *Yarber v. State*, 144 Ga. App. 781 (242 SE2d 372). The inventory of items found in the van which were confirmed to have been stolen from Smith Transport, listed these items: three I.B.M. computers; three boxes I.B.M. Monochrome Display and Print Adaptors; one high-backed lounge chair; four boxes of jeans with two dozen jeans in each, one box containing 19 jeans; twelve gift packs of postpartum maternity kits; four boxes of pocket and wallet knives containing eleven or twelve each; and boxes of other clothing.

We are satisfied the trial court did more than it should have in resubmitting the question of value to the jury despite appellant's not having made an issue of it. The evidence supports the verdict.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 28, 1986 —
REHEARING DENIED NOVEMBER 18, 1986.

*Mark J. Nathan*, for appellant.
*Spencer Lawton, Jr., District Attorney, Lars T. Granade, Assistant District Attorney*, for appellee.