## 75618. EVANS v. THE STATE.
(366 SE2d 165)

BEASLEY, Judge.

Defendant was granted an appeal from the adjudication of guilt and sentence, for violating the Controlled Substances Act, which resulted from the court's finding that defendant had subsequently violated the terms of probation earlier imposed on his guilty pleas under the first offender statute. OCGA § 42-8-60. His sole enumeration of error addresses the sufficiency of the evidence of the probation violation.

On April 17, 1987, some two years into the five-year probation, police officers with a warrant searched defendant's residence. The

house consisted of two apartments which are separate in that one can only go from one to another by using the outside doors. One apartment was occupied by defendant and his family and the other was used by defendant's brother and father. Electric cords ran from one to the other and defendant's kitchen had only a hot plate while the other had a stove. Defendant stated to an arresting officer that he paid the utility bills for the entire house and his children ate in the other kitchen. Contraband drugs, which were the basis for ending probation, were found in the commode, the kitchen and the bedroom of defendant's brother's apartment. The contraband was contained in "corner bags," which were described by the searching officers as the corners of plastic bags secured by wire wrapping, a common packaging for illicit drugs. Plastic bags from which the corners had been removed were found in defendant's apartment: in the living room wood stove, on the kitchen floor, and in the kitchen trash.

Defendant contends that there was no evidence that he had access to his brother's apartment or that, even if he did, that he had the power and intention to exercise control over the contraband so as to be in constructive possession of it. See *Granger v. State*, 142 Ga. App. 612 (236 SE2d 762) (1977); *Blount v. State*, 181 Ga. App. 330, 332-33 (2 & 3) (352 SE2d 220) (1986). There being what can at the least be termed slight evidence of access, power, and intention to exercise control or dominion over the cocaine in the house, the question of fact regarding constructive possession remains within the domain of the trier of fact. *Callahan v. State*, 179 Ga. App. 556, 565 (6) (347 SE2d 269) (1986); *Ramsay v. State*, 175 Ga. App. 97, 99 (7) (332 SE2d 390) (1985). As in probation revocation proceedings, only slight evidence is necessary to support a termination of probation under the first offender statute. *Anderson v. State*, 177 Ga. App. 130, 132 (3) (338 SE2d 716) (1985). Applying that test, there was sufficient evidence connecting defendant with possession of cocaine to authorize the trial court, determining the facts, to abort the first offender treatment. See *Causey v. State*, 148 Ga. App. 755 (252 SE2d 664) (1979).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JANUARY 26, 1988 —
REHEARING DENIED FEBRUARY 12, 1988 —

*Gregory Homer*, for appellant.
*G. Theron Finlayson, District Attorney, David E. White, Assistant District Attorney*, for appellee.