## A06A0444. WRIGHT v. THE STATE.

(630 SE2d 774)

JOHNSON, Presiding Judge.

A trial court revoked Rebecca Wright's probation after her 12-year-old son accidentally shot and killed his friend with a shotgun he obtained from his mother's bedroom. Wright argues that the evidence was insufficient to support the revocation, that she was denied due process, and that the trial court misapplied the law of possession. We disagree and therefore affirm.

A trial court's revocation of probation will be sustained on appeal when the record shows that the violation on which the revocation was based was proven by a preponderance of the evidence.[1] The same standard applies to a revocation of probation under the first offender statute.[2]

So viewed, the evidence showed that in May 2004, Wright pled guilty to possession of cocaine with intent to distribute and possession of cocaine. She was sentenced under the first offender statute to ten years probation. As a condition of her probation, Wright was prohibited from possessing, controlling or owning any firearm or weapon.

In February 2005, Wright was living in a rented house with her children, her fiancé Robert Byrd, and Byrd's children. Byrd kept a shotgun behind the dresser in the couple's bedroom and a .270 deer rifle next to their bed.

On February 21, 2005, Wright's 12- and 15-year-old sons and their 15-year-old friend found an old handgun in a barn on the property, brought it back to the house, and showed it to Wright. She told them that she wanted the gun "out of the house" and then left the room to take a shower. The boys put the handgun on a living room table. The boys then went into the adults' unlocked bedroom, where the friend got the rifle and pointed it at Wright's younger son. The younger son then picked up the shotgun, pointed it at the friend, and pulled the trigger. The friend died at the scene. The trial court later revoked Wright's probation for possession of a firearm, convicted her on the drug charges, and ordered her to serve her sentence in confinement. We granted Wright's application for review.

1. As long as there is "slight evidence of access, power, and intention to exercise control or dominion" over an instrumentality, "the question of fact regarding constructive possession remains within the domain of the trier of fact."[3] Since the evidence here showed that

---

[1] OCGA § 42-8-34.1 (b); *Reece v. State*, 257 Ga. App. 137, 139 (1) (b) (570 SE2d 424) (2002).

[2] *Evans v. State*, 185 Ga. App. 805, 806 (366 SE2d 165) (1988); OCGA § 42-8-60 et seq.

[3] (Citations omitted.) *Evans*, supra, 185 Ga. App. at 806.

Wright had continuous access to the firearms in her house on the day of the incident, and that she intended to and did in fact exercise control over her sons' access to one of the guns in the minutes leading up to the shooting, we will not disturb the trial court's finding that she had constructive possession of the firearm taken from her bedroom and used to kill her son's friend. That same evidence also suffices to sustain the revocation of Wright's probation.[4]

2. Wright also argues that she was deprived of due process when she was charged with "possession" of the shotgun and rifle, even though the trial court repeatedly suggested at the hearing that "control" was the dispository issue in the case. Shortly before its ruling, however, the trial court specifically stated that "the question is whether there was constructive possession of the firearms involved." We have reviewed the record, and find that the trial court applied the correct legal standard here.[5]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 13, 2006 —
RECONSIDERATION DENIED MAY 11, 2006 — 

*Britt R. Priddy, James C. Bonner, Jr.,* for appellant.
*Charles M. Ferguson, District Attorney, Keith W. Day, Assistant District Attorney,* for appellee.

---

[4] OCGA § 16-11-131 (b) (defining felony of possession of a firearm by a convicted felon); *Reece,* supra, 257 Ga. App. at 138-139 (1) (a), (b) (affirming probation revocation for possession of a firearm by a convicted felon when a shotgun was found under felon's bed and a handgun under his mattress).

[5] *Simpson v. State,* 213 Ga. App. 143, 144-145 (1) (444 SE2d 115) (1994) (evidence sufficed to show constructive possession of shotgun).