S04A0788, S04A0790. GRANT v. THE STATE (two cases).
(604 SE2d 515)

FLETCHER, Chief Justice.

A jury convicted Arthur Grant of felony murder and theft by
receiving stolen property arising out of an incident in which Grant
attempted to elude capture while driving a stolen car, ran a red light,
collided with another car, and killed a six-year old passenger in that
car.[1] Grant appeals, challenging two jury instructions. Because the
instructions were not erroneous or prejudicial, we affirm.

The evidence at trial showed that Grant was driving a stolen
pick-up truck when he was spotted by police. A police officer followed
the truck as it made a series of turns, but did not activate his
emergency lights or siren. Grant began speeding after he observed
several police cars that had been participating in a roadblock, and the
officer following Grant then signaled him to stop, using both flashing
lights and siren. Grant ignored the officer's signals, ran both a stop
sign and a red light, and struck two cars. A six-year-old passenger in

---

[1] The crimes occurred March 7, 1999. On July 21, 2000 Grant was indicted on two counts
of felony murder, fleeing and attempting to elude, theft by receiving stolen property, first degree
homicide by vehicle, and reckless driving. Following a jury trial Grant was convicted on all
counts. On September 22, 2000 the trial court sentenced Grant as a recidivist to life without
parole on the felony murder count and to a consecutive 20 year sentence for theft. The trial court
merged the remaining counts. Grant filed a motion for new trial on September 27, 2000. Then
on October 18, 2000, Grant filed a motion in arrest of judgment challenging his felony murder
conviction. The trial court granted the motion, and this Court reversed. *State v. Grant,* 274 Ga.
826 (561 SE2d 94) (2002). On April 10, 2002, the trial court entered its judgment adopting the
remittitur. Trial counsel filed an amended motion for new trial, which the trial court denied on
May 16, 2003. Grant filed a pro se notice of appeal on May 28, 2003 (Case No. S04A0788). On
September 4, 2003, Grant was permitted an out-of-time appeal and, through trial counsel, filed
a notice of appeal on September 9, 2003 (Case No. S04A0790). The appeals were docketed in this
Court on January 14, 2004, consolidated, and submitted for decision without oral argument on
March 8, 2004.

one of the cars was killed. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that any rational trier of fact could have found Grant guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

1. Grant challenges two jury instructions. First, he contends that the trial court charged the jury on the misdemeanor offense of fleeing and attempting to elude rather than on the felony offense. The trial court's charge tracked the statutory language and thus did include a definition of the misdemeanor offense.[3] However, the trial court properly identified and defined the elements of the felony offense and also clearly instructed the jury that they could convict on felony murder only if they found Grant guilty of the felony of fleeing and attempting to elude.

Second, Grant contends that the jury instruction on first degree vehicular homicide was erroneous because it permitted the jury to convict him based on a manner not alleged in the indictment. However, any error in the charge does not require reversal because the trial court merged the vehicular homicide count into the greater offense of felony murder.[4]

2. Grant contends that he was denied a fair trial when the State presented evidence to show Grant's bad character. The evidence of which Grant complains was elicited during the State's cross-examination of Grant. Grant moved for a mistrial, which the trial court denied. The trial court gave curative instructions. Trial counsel did not object to the curative instructions, nor renew the motion for mistrial. Accordingly, the issue is not preserved for review.[5]

3. Grant also contends that his trial counsel was ineffective. Although Grant raised ineffectiveness of trial counsel at the motion for new trial stage, he chose to proceed at the motion for new trial hearing with trial counsel, even though new counsel had been appointed. The trial court explained at the hearing that trial counsel could not pursue ineffectiveness claims against herself and that if Grant insisted upon going forward he would be waiving those claims. Because Grant had the opportunity to pursue his claim of ineffectiveness of trial counsel at the motion for new trial stage, and expressly declined that opportunity, we cannot now consider the claim. Grant may pursue that issue through habeas corpus proceedings.

*Judgment affirmed. All the Justices concur.*

---

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 40-6-395.

[4] *Loren v. State*, 268 Ga. 792, 796 (493 SE2d 175) (1997).

[5] *Ford v. State*, 269 Ga. 139, 141 (498 SE2d 58) (1998).

DECIDED OCTOBER 25, 2004.

*Phinia-Cou J. Aten,* for appellant.

Arthur Grant, *pro se.*

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General,* for appellee.