A08A0402. HEATH v. THE STATE.
(662 SE2d 362)

ANDREWS, Judge.

Marilyn Heath a/k/a Marilyn Council appeals from the judgment of conviction entered on a jury verdict finding her guilty of robbery

---

by use of force in violation of OCGA § 16-8-40 (a) (1). For the following reasons, we affirm.

1. The evidence was sufficient to support the guilty verdict. The victim testified that Heath came to the door of her house and rang the doorbell. When the victim opened the door, Heath told the victim that she was selling a coat and some CDs, but the victim told Heath she was not interested in buying any of the items. The victim did not invite Heath into her house, but Heath nevertheless came into the house saying that her heart was racing and she had to sit down. As Heath came inside the house, she knocked the victim down across a couch and onto the floor. The victim testified that, because of her weakened physical condition, she struggled to get up from the floor. According to the victim, after she struggled for a couple of minutes to get up from the floor, Heath reached into the victim's purse, which was on the couch, took $500 in cash and some credit cards out of the purse, and left the house. When the victim was finally able to get up, she called 911 and reported the theft. The victim later identified Heath from a photographic lineup arranged by police. Heath testified and admitted that she went to the victim's house to sell some items, but denied that she knocked the victim down or took anything from the victim.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict. *Parker v. State*, 220 Ga. App. 303 (469 SE2d 410) (1996). Viewed in this light, the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Heath was guilty of the offense of robbery by force in violation of OCGA § 16-8-40 (a) (1). *Dutton v. State*, 199 Ga. App. 750 (406 SE2d 85) (1991); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During cross-examination, defense counsel asked a police officer to explain why an oral statement given by Heath had not been reduced to writing or signed by Heath, and the officer responded that, "I hadn't gotten to that because she had lawyered up or she had requested an attorney at that point." Heath claims that this testimony improperly commented on her Fifth Amendment right to remain silent. Since Heath raised no objection at trial, this claim was waived. *Newton v. State*, 226 Ga. App. 501, 502 (486 SE2d 715) (1997). In any event, Heath cannot complain because the comment was elicited by defense counsel. Compare *DeBerry v. State*, 241 Ga. 204, 205-206 (243 SE2d 864) (1978).

3. Heath claims that the State impermissibly injected evidence of her character into the trial on two occasions. On the first occasion, a police officer testified during the State's case that, when he put together a photographic lineup for the victim, he located a photo-

graph of Heath where "she had been booked" under another name. A reference to the fact that a prior photograph of a defendant existed where "he was booked in before" did not place the defendant's character into issue. *Fulton v. State*, 278 Ga. 58, 61 (597 SE2d 396) (2004). In any event, the trial court instructed the jury to disregard the reference to Heath having been "booked." Because defense counsel did not object to the curative instructions, nor renew the motion for mistrial, this issue was waived for appellate review. *Grant v. State*, 278 Ga. 536, 537 (604 SE2d 515) (2004). Even if there had been no waiver, we find that, in light of the curative instructions, the trial court did not abuse its discretion by denying Heath's motion for a mistrial. *Stanley v. State*, 250 Ga. 3, 4 (295 SE2d 315) (1982). As to the second occasion complained of by Heath, nothing in the record shows that Heath objected or raised the issue in the trial court, so nothing is preserved for appellate review. *Mattarochia v. State*, 200 Ga. App. 681, 684 (409 SE2d 546) (1991).

4. Heath contends that the trial court erred by admitting evidence of her prior convictions for impeachment purposes under OCGA § 24-9-84.1 because: (1) the prosecutor did not examine her regarding the convictions; (2) the convictions were more than ten years old and the trial court did not specifically rule that the probative value outweighed the prejudicial effect; and (3) she was not given written notice of the State's intent to use the convictions. See OCGA § 24-9-84.1 (a) (2), (b). Because Heath raised none of these objections at trial, these claims present nothing for appellate review.

5. Heath contends that the trial court erred by instructing the jury on the various methods by which robbery could be committed in OCGA § 16-8-40 when the indictment charged that she committed robbery by only one of the methods.

The indictment charged that Heath committed the offense of robbery by use of force by knocking the victim down. But the trial court instructed the jury that robbery could be committed by all three of the methods set forth in OCGA § 16-8-40 (a), to wit: (1) "by use of force"; (2) "by intimidation by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another"; or (3) "by sudden snatching." "It is error to charge the jury that a crime may be committed by alternative methods, when the indictment charges that it was committed by one specific method." (Citation and punctuation omitted.) *Pettway v. State*, 204 Ga. App. 804 (420 SE2d 619) (1992); *Walker v. State*, 146 Ga. App. 237, 240 (246 SE2d 206) (1978). If because of this instruction

> there is a reasonable possibility that the jury convicted the defendant of the commission of a crime in a manner not

charged in the indictment, then the conviction [violates the defendant's due process rights] because of a fatal variance between the proof at trial and the indictment returned by the grand jury.

(Punctuation omitted.) *Childs v. State*, 257 Ga. 243, 253 (357 SE2d 48) (1987); *Dukes v. State*, 265 Ga. 422 (457 SE2d 556) (1995). The potential due process violation can be cured if the trial judge also gives a limiting instruction directing the jury to consider only whether the defendant committed the offense charged in the indictment. Id. at 423. We find no such limiting instruction in this case. Nevertheless, the only evidence in the case showed that Heath committed robbery by use of the actual physical force necessary to knock the victim down, as charged in the indictment. There was no evidence that Heath committed robbery by use of constructive force to intimidate, threaten, or coerce the victim, or to place the victim in fear of immediate serious bodily injury to herself or to another, nor was there any evidence that Heath committed robbery by sudden snatching from the victim. *Franklin v. State*, 286 Ga. App. 288, 290 (648 SE2d 746) (2007). Accordingly, the lack of such evidence eliminates any reasonable possibility that the jury convicted Heath of committing the robbery by a method not charged in the indictment. *Childs*, 257 Ga. at 253.

6. The trial court did not err by failing to give Heath's requested instruction on the lesser included offense of theft by taking. All the State's evidence showed the completed offense of robbery by use of force, and Heath testified that she committed no offense at all. Because all the evidence showed either the completed offense of robbery by use of force or no offense, there was no evidence to support an instruction on the lesser included offense of theft by taking. *Huckeba v. State*, 217 Ga. App. 472, 475-476 (458 SE2d 131) (1995); *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994).

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED MAY 20, 2008.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Madonna M. Little, Assistant District Attorney*, for appellee.