## S10A0607. THOMPSON v. THE STATE.
(692 SE2d 384)

THOMPSON, Justice.

Defendant Kevin Lamar Thompson was convicted of murder, aggravated assault and possession of a firearm during the commission of a felony in connection with the death of Charles Leonard.[1] Following the denial of his motion for new trial, defendant appeals. We find no reversible error and affirm.

On the day in question, defendant, and others, were helping a friend, co-defendant Demars "Lucky" Crowell,[2] move out of his apartment. Defendant was seen carrying a pistol when he arrived at the apartment complex.

Crowell and the victim had quarreled the previous day. Defendant told Crowell that the victim was at the complex and that he (defendant) wanted to confront him. Crowell retrieved a baseball bat and approached defendant and the victim, who were speaking to one

[1] The crimes occurred on May 19, 1999. Defendant and Demars Crowell were indicted on August 4, 1999, and charged with murder, felony murder (predicated on the felony of aggravated assault with a pistol), aggravated assault (with a baseball bat) and two counts of possession of a firearm during the commission of a felony. Trial commenced on May 21, 2001, and the jury found defendant guilty of all charges on May 25. The trial court sentenced defendant to life in prison for murder and two probated five-year terms to be served consecutively for aggravated assault and one of the firearm possession charges. The remaining counts were vacated. Defendant's timely filed motion for new trial, as amended, was denied on December 31, 2008. Defendant filed a notice of appeal on January 22, 2009. The appeal was docketed in this Court on December 23, 2009, and submitted for decision on the briefs on February 15, 2010.

[2] Crowell pled guilty to voluntary manslaughter and testified against defendant.

another. Crowell swung the baseball bat at the victim and the two of them struggled to control the bat. As he struggled, Crowell heard two shots and saw defendant walk away with a pistol in his hand.

Before he died, the victim called to his mother and asked her to call 911. The victim died in his mother's arms, saying that "Lucky" shot him. Bullets matching the type which struck the victim were found in defendant's apartment. No such bullets were found in Crowell's possession. Defendant admitted shooting the victim in conversations with fellow inmates.

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Contrary to defendant's assertion, it was not incumbent upon the State to prove defendant's motive in committing any of the crimes. See *Darling v. State*, 248 Ga. 485, 487 (4) (284 SE2d 260) (1981). The fact that much of the testimony against defendant was given by convicted felons is of no consequence. It is the jury, not this Court, which sifts the evidence and determines its credibility. *Young v. State*, 255 Ga. 143, 144 (1) (335 SE2d 864) (1985).

2. Pointing out that he was entitled to two hours for closing argument, see *Monroe v. State*, 272 Ga. 201 (2) (528 SE2d 504) (2000), defendant asserts the trial court erred in limiting his closing argument to one hour. We disagree. Defense counsel informed the trial court that he planned to use the "full time" for closing argument. Asked how long that would be, counsel said one hour. Counsel gave and finished his closing argument without asking for additional time. Thus, it cannot be said that the trial court curtailed defendant's argument. And even if there were any error, it was invited. *Valdivia v. State*, 283 Ga. 140 (657 SE2d 230) (2008).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 29, 2010.

*Scott A. Drake*, for appellant.
*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.