## A10A0713. NELSON v. THE STATE.
### (699 SE2d 66)

PHIPPS, Presiding Judge.

After a jury trial, Thomas Nelson was convicted of trafficking in cocaine.[1] Nelson appeals from the denial of his motion for a new trial, contending that the trial court erred in: admitting evidence police found in his pants pocket during a traffic stop; allowing an expert witness to identify the substance seized from his pocket as cocaine when the substance had allegedly been seized in violation of the Fourth Amendment; denying his motion for a mistrial after the trial judge allegedly stated his opinion as to what had been proved; and permitting the state to ask him on cross-examination whether he had

---

[1] OCGA § 16-13-31 (a) (1) provides, in relevant part, that any person who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine commits the felony offense of trafficking in cocaine.

used drugs in the past. None of the arguments presents grounds for reversal, so we affirm the conviction.

1. Nelson contends the trial court erred in admitting the alleged cocaine into evidence because the evidence was seized in violation of the Fourth Amendment. He argues that the traffic stop, ostensibly based on a tag violation, was not based on reasonable suspicion of criminal activity, and that the ensuing search of his person was not based on consent or probable cause. Nelson interposed an oral objection to the evidence at trial, but did not file a written motion to suppress the challenged evidence.[2]

OCGA § 17-5-30 establishes a procedure for suppression of evidence obtained by unlawful search and seizure. It specifically provides that a motion to suppress evidence illegally seized "shall be in writing and state facts showing that the search and seizure were unlawful."[3] An oral objection to evidence obtained by what is claimed to be an unlawful search and seizure is not sufficient unless the court previously suppressed the evidence pursuant to a motion to suppress in compliance with OCGA § 17-5-30.[4] Insofar as Nelson's oral objection at trial on Fourth Amendment grounds can be considered a motion to suppress tangible evidence, it was improper because it was not made in writing.[5] Consequently, the argument is not properly before us.[6]

2. Nelson argues that the trial court erred in allowing an expert witness to give his opinion that the substance seized from him was cocaine,[7] maintaining that the evidence was seized in violation of the Fourth Amendment. Because Nelson's failure to file a timely motion to suppress the evidence waived any right to claim that the search which produced the evidence was unconstitutional, it follows that he was not entitled to exclusion of testimony describing the physical evidence on the basis that the testimony was the fruit of an unconstitutional search.[8]

3. Nelson contends that the trial court erred in denying his motion for a mistrial based on the trial judge's alleged violation of

---

[2] Nelson did file an "Omnibus Motion" before trial. In it, he sought to suppress only statements he made to police.

[3] OCGA § 17-5-30 (b).

[4] *Graves v. State*, 135 Ga. App. 921, 921-922 (219 SE2d 633) (1975) (citing Ga. L. 1966, pp. 567, 571 [Code Ann. § 27-313]).

[5] See *Dunn v. State*, 262 Ga. App. 643, 646 (3) (586 SE2d 352) (2003).

[6] *Brannen v. State*, 117 Ga. App. 69, 69-70 (2) (159 SE2d 476) (1967); see *Jackson v. State*, 252 Ga. App. 268, 269-271 (2) (555 SE2d 908) (2001).

[7] The exhibit was described by witnesses at trial as a plastic bag seized from Nelson's pocket containing two plastic bags filled with a total of 37.56 grams of a white powdery substance; purity was found to be 31.6 percent and 35.3 percent.

[8] See *Fraser v. State*, 283 Ga. App. 477, 480 (2) (642 SE2d 129) (2007).

OCGA § 17-8-57. That statute provides that it is error for a judge in a criminal case, during the trial, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused.[9]

As the state rested its case, with the jury still present, the following colloquy occurred.

> [STATE]: Your Honor, I believe we have tendered State's 1 through 5?
> THE COURT: 1 through 4.
> [STATE]: 1 through 4.
> THE COURT: 1 was the cocaine, 2 and 3 were the [drug dog training] certificates, and 4 was the *Miranda* form.

Defense counsel asked the court "for a few minutes," and the court excused the jury for a brief recess. Defense counsel made this objection: that the court had just stated in the jury's presence "that State's 1 was cocaine. That is a decision for the jury to make." Defense counsel urged that the court had expressed an opinion on the evidence and that Nelson was, therefore, entitled to a mistrial. The court replied that it was "simply identifying the exhibits for purposes of the State inquiring whether they were done. State's 1 was identified by this witness as being cocaine." The court announced that it would give a curative instruction, then denied the motion for a mistrial. When the jury returned to the courtroom, the court instructed the jury that, in referring "to State's Exhibit Number 1 as the cocaine," the court did not intend to comment on the evidence and further instructed that the question of whether the exhibit was, in fact, cocaine was entirely for the jury to determine. Later, in its charge to the jury, the court stated that it had not intended, by any ruling or comment it made during the trial, to express any opinion upon the facts of the case, the credibility of the witnesses, the evidence, or the guilt or innocence of the defendant.

While it is true that the trial court may not express an opinion as to what has been proved, where only one inference is possible from the evidence it is not improper for the court to assume the fact to be true.[10]

> In the trial of a criminal case, even one where the defendant has not admitted his guilt but the question of his guilt or innocence is in issue, where a relevant fact, other than the essential one of guilt or innocence, has been established by

---

[9] OCGA § 17-8-57.

[10] See *Green v. State*, 129 Ga. App. 27, 28 (2) (198 SE2d 343) (1973).

uncontradicted evidence, and the defendant in his statement to the jury does not deny such fact but in effect admits it to be true, it is not error for the judge to assume or intimate to the jury that such fact is true.[11]

In this case, a relevant fact, other than the essential one of guilt or innocence, was established by uncontradicted evidence. That fact — that the substance seized was cocaine — was not contradicted. When Nelson testified on his own behalf, he referred to the substance as cocaine. He admitted that he had bought the cocaine in order to sell it, and that the police had stopped him and seized the cocaine from his pocket. Moreover, a chemist, whom Nelson had stipulated at trial was an expert in forensic chemistry, testified that the substance was cocaine. Numerous other witnesses also referred to the substance as cocaine, all without objection. Under the circumstances, the court did not err in referring to the exhibit as cocaine.[12] Giving the trial court's decision whether to grant a mistrial the great deference to which it is entitled,[13] and considering the court's curative instruction and charge to the jury,[14] we find no basis for reversal.

4. Nelson contends that the trial court erred by allowing the state to ask him whether he had used drugs in the past. Nelson urges that this inquiry was "an improper form of impeachment" and was not supported by a certified copy of a prior conviction.

On direct examination, Nelson revealed that after losing his job, he had "attempted to buy some cocaine to sell" in order to make ends meet, but had been "caught" by the police.[15] Nelson added that he knew that what he had done was wrong, that he had chosen to talk to the police and explain his actions, and that what the officers had said about him at trial was true. When asked "[i]s this something that you ever see repeating itself again," Nelson replied, "No, never."

On cross-examination, the state asked Nelson if he told police that he "began selling cocaine to make ends meet." Nelson replied, "Yes." Nelson's argument concerns this colloquy that immediately followed:

[STATE]: And this isn't the first time though that you have fooled around with drugs, is it, Mr. Nelson?

---

[11] *Morton v. State*, 190 Ga. 792, 801 (4) (10 SE2d 836) (1940) (citations omitted).

[12] See *Dixon v. State*, 196 Ga. App. 15, 18 (7) (395 SE2d 577) (1990).

[13] See *Moore v. State*, 301 Ga. App. 220, 224 (2) (687 SE2d 259) (2009).

[14] See generally *Warner v. State*, 287 Ga. App. 892, 894 (2) (652 SE2d 898) (2007).

[15] Although Nelson's testimony is not clear, in context it appears that these admissions refer solely to the offense for which he was being tried.

[NELSON]: This is the first time I tried to sell some.

[STATE]: You have been fooling around with marijuana for some time, haven't you?

[NELSON]: A long time ago I had less than an ounce of some that I was smoking.

Nelson objected, arguing that the state could not ask those questions without introducing into evidence a certified copy of a conviction. The state replied that the inquiry was relevant and that Nelson's character was at issue. The objection was overruled.

Even assuming arguendo that the state's inquiry was improper, reversal is not required. Where the evidence of guilt is overwhelming, the possibility that the error contributed to the conviction is negated.[16] Here, the evidence of Nelson's guilt (including his admission at trial that he possessed the cocaine with the intent to sell it) was overwhelming, and it is highly probable that the state's inquiry (and Nelson's response thereto) did not contribute to the jury's verdict, making the alleged error harmless.[17]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED JULY 8, 2010.

*Timothy L. Eidson*, for appellant.

*Denise D. Fachini, District Attorney, Barbara A. Becraft, Assistant District Attorney*, for appellee.

---

[16] *Vincent v. State*, 210 Ga. App. 6, 7 (2) (435 SE2d 222) (1993).
[17] See *Coleman v. State*, 286 Ga. 291, 301-302 (9) (687 SE2d 427) (2009).