**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 22, 2013**

# In the Court of Appeals of Georgia

A12A2267. CLARK v. THE STATE.

BRANCH, Judge.

Michael Clark, Elizabeth Durante, and Sonya Ferrell were tried by a Richmond County jury and convicted of trafficking in cocaine (OCGA § 16-13-31 (a) (1) (A)) and unlawful possession of MDMA (OCGA § 16-13-30 (a)).[1] Clark and Durante were also convicted of certain misdemeanors.[2] In an unpublished opinion, this Court affirmed Durante's convictions, and in a published opinion, we affirmed Ferrell's convictions. *Ferrell v. State*, 312 Ga. App. 122 (717 SE2d 705) (2011). Clark now

---

[1] MDMA, or 3, 4-Methylenedioxymethamphetamine, is a Schedule I controlled substance more commonly known as "ecstasy." See OCGA § 16-13-25 (3) (Z).

[2] Clark was convicted of possession of an ounce or less of marijuana, OCGA § 16-13-2 (b), and failure to wear a safety belt, OCGA § 40-8-76.1, but he does not challenge these convictions on appeal.

appeals, contending only that the evidence was insufficient to sustain his convictions of trafficking in cocaine and possession of MDMA.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant is no longer entitled to a presumption of innocence. We neither weigh the evidence nor judge the credibility of the witnesses, but determine only the sufficiency of the evidence in accordance with the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation omitted.) Id. at 122-123.

As set forth in our opinion in *Ferrell*, when viewed in the light most favorable to the verdict, the evidence in this case shows:

> Deputy Billy Jones initiated a traffic stop because the driver and passenger of a car were not wearing seatbelts. The vehicle delayed pulling over but finally stopped. Clark was driving, Durante was in the front passenger seat, and Ferrell was in the back seat. Upon speaking with the driver, the deputy smelled a strong odor of marijuana. After questioning, Clark admitted that his driver's license was suspended, and Durante admitted that she had some marijuana in her purse, which was in the center console of the car. The deputy found a plastic bag with six grams of marijuana in Durante's purse, as well as a cell phone. The phone showed a picture of Clark and Durante with the phrase "Mike and

2

Liz" on the top of the photo.[3] The phone contained text messages referencing drugs and drug sales.

A search of the car revealed a Crown Royal bag on the front [passenger] floorboard at the edge of the seat. Inside this bag were empty baggies, cocaine and a digital scale commonly used for weighing drugs. The cocaine was packaged in one large bag, weighing 30.7 grams, and 17 individual baggies, weighing 6.4 grams total. The large bag of cocaine was 80.9 percent pure, and the smaller bags were about 60.7 percent pure. Also inside the Crown Royal bag was a pharmacy pill bottle labeled with Ferrell's anti-depressant prescription. The bottle contained two baggies, one holding five pills and the other holding one pill. GBI crime lab tests subsequently confirmed that the pills were MDMA.

*Ferrell*, 312 Ga. App. at 123. Ferrell gave additional evidence suggesting a link between the Crown Royal bag and Clark. She testified that a couple of days before the incident, she needed a refill of some prescription medication and that the pill bottle was on top of the entertainment center in her living room. Clark was at her home, and she asked him if he could pick up the prescription for her and bring it back. She identified the pill bottle recovered from the Crown Royal bag as hers.

---

[3] According to a police investigator, "[w]hen you turn the phone on, a picture of Mr. Clark comes on . . . and then when you cut it off, a picture of Ms. Durante comes on."

As set out in our unpublished opinion in *Durante*, the case against the defendants raised the issue of joint constructive possession of the items found in the Crown Royal bag:

> At trial, the State set out to prove that Durante, Ferrell, and Clark had joint and constructive possession of the cocaine and MDMA, and that is a legally cognizable theory of possession and apparently the one upon which the jury convicted Durante and her co-defendants. See *Cochran v. State*, 300 Ga. App. 92, 94 (1) (a) (684 SE2d 136) (2009) ("joint constructive possession with another will sustain a conviction for possession of contraband") (citation and punctuation omitted); *Warren v. State*, 254 Ga. App. 52, 54-55 (1) (561 SE2d 190) (2002) ("[b]y showing circumstantially that each of the defendants had equal access to the drugs, the state was able to support its theory that all of the defendants were parties to the crime and thus guilty of joint constructive possession of the drugs") (citation omitted).

Given that the evidence of joint and constructive possession was circumstantial, the State was required to present sufficient evidence to exclude all reasonable hypotheses save that of the guilt of the accused:

> [T]o warrant a conviction on circumstantial evidence, the proved facts need exclude only reasonable hypotheses – not bare possibilities that the crime could have been committed by someone else. And questions of reasonableness are generally decided by the jury.

(Citation and punctuation omitted.) *Prather v. State*, 293 Ga. App. 312, 313 (1) (667 SE2d 113) (2008). See also OCGA § 24-4-6 ("To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.").

Clark argues that everything found in the car, as well as the car itself, was linked to the other defendants, especially Durante, who was riding in the passenger seat and to whom the car was registered. Clark states that there is no testimony regarding the relationship between him and Durante or evidence about how long he was in the car. Thus Clark's sole argument is that the evidence showed only that he was "merely present" and that "[m]ere presence at the scene of the commission of a crime is insufficient to convict one as a party thereto." (Citation omitted.) *Watkins v. State*, 306 Ga. App. 769, 771 (3) (702 SE2d 904) (2010).

But there was evidence of a relationship between Clark and the co-defendants. Clark got his sister to babysit for Ferrell so that the three co-defendants could go out that evening to socialize; Clark drove Durante's car with Durante in the passenger seat; and the State introduced Durante's cell phone into evidence, which had the words "Mike and Liz" on the front. *Ferrell*, 312 Ga. App. at 123. Ferrell's request that

Clark pick up her prescription medication constituted some evidence linking Clark with Ferrell's prescription bottle, which was found inside the Crown Royal bag. And the evidence showed that the Crown Royal bag was within Clark's reach and not hidden. An officer testified to finding the bag and the bag's location:

> As I leaned in the vehicle, there was a blue Crown Royal bag in the front floorboard not – not up under the seat, right at the edge of the seat.

A photograph showing the location of the bag relative to the seat was introduced into evidence; the photograph shows several items lying on the floor in plain view with a part of the Crown Royal bag also visible. The officer also demonstrated the position of the bag to the jury, and he testified that it could be seen sticking out from under the seat and that it was in a place within the reach of the driver. Finally, none of the defendants claimed the Crown Royal bag as their own.

"A defendant's power to exercise control over the drugs may be inferred from access to the drugs, while the matter of intent may be derived from the surrounding circumstances." (Citation omitted.) *Sabb v. State*, 317 Ga. App. 537, 540 (731 SE2d 399) (2012). And because Clark and his co-defendants were jointly charged with trafficking in cocaine and possession of the MDMA, the State was not required to show that Clark was in sole constructive possession of the drugs. *Mercado v. State*,

6

317 Ga. App. 403, 405 (731 SE2d 85) (2012). Finally, because Clark was driving the vehicle and because all persons allegedly having equal access to the drugs were alleged to have been in joint constructive possession, the State was entitled to a presumption that Clark was in constructive possession of the drugs. *Cabrera v. State*, 303 Ga. App. 646, 651-652 (1) (694 SE2d 720) (2010) (State generally entitled to evidentiary presumption that automobile owner or driver is in constructive possession of contraband).

As long as there is "slight evidence of access, power, and intention to exercise control or dominion over the [contraband], the question of fact regarding constructive possession remains within the domain of the trier of fact." *Evans v. State*, 185 Ga. App. 805, 806 (366 SE2d 165) (1988). Based on the rebuttable presumption of constructive possession, the visibility of and location of the Crown Royal bag, and the other evidence mentioned above, we conclude that the State presented sufficient evidence to support Clark's conviction of trafficking in cocaine and unlawful possession of MDMA.

*Judgment affirmed. Miller, P. J., and Ray, J., concur.*