FINAL COPY
294 Ga. 450

S13A1366 . MOORE v. THE STATE.

MELTON, Justice.

Following a jury trial, Justin Moore was found guilty of felony murder and various other offenses in connection with the shooting death of Brandon Thomas.[1] On appeal, Moore contends that the trial court erred in denying his motion for a mistrial and that his trial counsel was ineffective. For the reasons that follow, we affirm.

---

[1] On February 5, 2010, Moore was indicted for the malice murder and felony murder (aggravated assault) of Brandon Thomas, the aggravated assault of Thomas, the aggravated assault of Willie Thackston, two counts of theft by receiving stolen property, one count of fleeing and attempting to elude police, and possession of a firearm during the commission of a felony. On December 6, 2010, the theft by receiving stolen property charges were dead docketed, and, following a jury trial, Moore was acquitted of malice murder but found guilty on all remaining charges. On December 7, 2010, the trial court sentenced Moore to life for felony murder, twenty years consecutive for the aggravated assault of Thackston, one year consecutive for fleeing and attempting to elude, and five years consecutive for possession of a firearm during the commission of a felony. The aggravated assault charge with respect to the shooting of Thomas was merged into the felony murder conviction for purposes of sentencing. Moore filed a motion for a new trial on December 29, 2010, which he amended on August 7, 2012. The motion was denied on December 3, 2012. Following the payment of costs, Moore's timely appeal was docketed in this Court for the September 2013 term, and submitted for decision on the briefs.

1. Viewed in the light most favorable to the jury's verdict, the record reveals that, based on Moore's failure to pay the loan on his 2004 Ford Mustang, Willie Thackston and Brandon Thomas went to Moore's home at around 1:00 a.m. on November 13, 2009, to repossess the car. Thomas knocked on Moore's door and spoke with him briefly. Moore slammed the door in Thomas' face, and Thackston secured the Mustang to the back of his tow truck. Moore emerged from his house with a sawed-off shotgun, fired a shot in the air, and then aimed at the tow truck. Thackston and Thomas began driving away in the tow truck with the Mustang in tow, and Moore ran behind the tow truck and shot at it twice. Moore then ran to the front of the tow truck and shot the front passenger side tire. Afraid for his life, Thackston drove away from Moore's house with the Mustang still in tow. Thackston stopped his tow truck a short distance down the street from Moore's house to assess the damage to the tow truck and to call 911. He then saw Moore, who was now driving a van and pointing his shotgun out of the window of the van while speeding directly toward Thackston and Thomas. Thackston and Thomas got back in the truck, and Thackston then began weaving the truck across the road in an effort to prevent Moore from pulling alongside the truck and shooting inside. Moore's van crashed into the

2

tow truck, and the two vehicles stopped "window-to-window." Moore then fired his shotgun directly into the cab of the tow truck, hitting Thackston in the leg and hitting Thomas in the arm and chest, killing him. Thackston jumped out of the truck, and Moore then appeared to leave the scene in his van. While on the phone with 911, Thackston then heard Moore ordering him to unhitch the Mustang from the tow truck. Thackston looked at Moore and saw that he was pointing the shotgun directly at him. Thackston lowered the Mustang from the truck and ran to a nearby house while Moore fled the scene in the Mustang. Police later apprehended Moore after a car chase and a foot chase that ended in a creek bed.

The evidence was sufficient to enable a rational trier of fact to find Moore guilty of all of the crimes of which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Moore argues that the trial court erred in denying his motion for a mistrial after three jurors saw unredacted references to Moore's prior guilty plea for sexual battery on page 115 of the 117-page transcript of his statement to

police.[2] However, the record reveals that Moore did not make a contemporaneous motion for a mistrial when it was discovered that one page of the statement transcript had not been redacted, and that he instead waited until after the State closed its case to move for a mistrial. Accordingly, Moore has waived review of this issue on appeal. See, e.g., Culler v. State, 277 Ga. 717 (6) (594 SE2d 631) (2004). Furthermore, even if Moore had made a timely motion for a mistrial, he did not object to the trial court's curative instructions, which were given to each of the three affected jurors after the unredacted portion of the transcript was brought to the court's attention by defense counsel. For this additional reason, the issue that Moore now attempts to raise on appeal is waived. Grant v. State, 278 Ga. 536 (2) (604 SE2d 515) (2004).

In any event, even if the issue had been properly preserved, Moore's contention would still be without merit. The record reveals that the trial court interviewed each of the three jurors who had seen page 115 of the police interview transcript and gave detailed curative instructions to each of them to

_____

[2] Apparently, in spite of both the State and defense counsel's efforts to remove all references to the prior guilty plea in the entire transcript, some references were inadvertently left on page 115 of the transcript.

4

make sure that they knew that they were not to consider or discuss any references to any prior criminal charges against Moore. None of the other jurors saw the unredacted page, and each of the three affected jurors who did see the page affirmatively indicated to the trial court that they would not consider the references to prior criminal charges in their deliberations and that they would not discuss anything that they had read from the unredacted portion of the transcript with the other jurors. We find that, under these circumstances, the trial court did not err in denying Moore's motion for a mistrial. See Gardner v. State, 273 Ga. 809, 813 (5) (546 SE2d 490) (2001) (where trial court gave curative instructions immediately after mention of a defendant's prior crime and after an audiotape containing the negative character evidence was played for the jury, "a new trial was not essential to preserving [the defendant's] right to a fair trial and the trial court did not abuse its discretion in refusing to grant a mistrial"). See also, e.g., Johns v. State, 274 Ga. 23, 25 (3) (549 SE2d 68) (2001) ("We must presume that the jury followed the trial court's instruction and disregarded the [prejudicial information].") (citation omitted).

3. Moore contends that his trial counsel was ineffective for having failed to remove all references to Moore's prior guilty plea from the police interview

5

transcript and for having failed to timely move for a mistrial after discovering that some references to Moore's prior guilty plea still appeared on page 115 of the transcript. However, as explained in Division 2, supra, despite the existence of the references to Moore's prior crime in the interview transcript, even if Moore's counsel had timely moved for a mistrial, the motion would have been without merit. Accordingly, Moore has not provided any basis for a finding of ineffective assistance of counsel. See Billings v. State, 293 Ga. 99, 107 (7) (745 SE2d 583) (2013) ("The failure of [the defendant's] trial counsel to make a motion that the court was authorized to deny does not establish ineffective assistance by that counsel"); Jones v. State, 290 Ga. 576 (4) (722 SE2d 853) (2012) (ineffective assistance of counsel claim fails where defendant cannot show prejudice).

Judgment affirmed. All the Justices concur.


Decided January 27, 2014.

Murder. Fulton Superior Court. Before Judge Goger.

Eric J. Taylor, for appellant.

Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Sheila

E. Gallow, Paige Reese Whitaker, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Zisook, Assistant Attorney General, for appellee.